IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                         No. CR S-05-0554 JAM EFB

    vs.

HARVEY L. SEWELL,

    Movant.                                             <u>ORDER</u>

_____/

       Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dckt. No. 225. Currently before the court is movant's request for leave to amend the motion to clarify the legal and factual bases of the claims raised. Dckt. No. 224. Movant emphasizes that he does not wish to add any new claims to the amended motion and states that he needs 30 days for review of records and files and will then promptly prepare the amended motion. No response to the § 2255 motion has yet been ordered or filed.

       Movant's motion for leave to file an amended petition is granted. *See* 28 U.S.C. § 2242 (providing that habeas petitions "may be amended or supplemented as provide din the rules of procedure applicable to civil actions"); Rule 12, Rules Governing § 2255 Proceedings (providing that the Federal Rules of Civil Procedure may be applied to a § 2255 proceeding if not

1

inconsistent with the § 2255 rules); Fed. R. Civ. P. 15(a) (providing for amendment as a matter of course within 21 days of service of a pleading); *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000) (citing with approval *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000), which applied Fed. R. Civ. P. 15 to a § 2255 motion).

Movant asks the court to hold the currently-filed § 2255 motion "in abeyance" as a "placeholder" motion for a "reasonable time" until he files the amended motion, apparently out of concern over whether the amended motion will be considered timely under § 2255(f), which provides a one-year limitations period for filing a § 2255 motion. The court declines to do so. Whether the amendment will relate back to the earlier motion for purposes of timeliness is governed by Rule 15(c) of the Federal Rule of Civil Procedure. Until the amended motion is actually presented, the court cannot determine whether the amendment simply expands the facts raised in the current motion and thus relates back to the current motion's date of filing under Rule 15(c), or whether it adds entirely new claims, which do not relate back.[1] *Thomas*, 221 F.3d at 436.

For those reasons, the request to hold the motion "in abeyance" is denied. Instead, the court will grant movant 60 days from the date of service of this order to file an amended motion. Should movant need additional time, he may seek an extension of this deadline by appropriate motion to the court.

Accordingly, it is hereby ORDERED that movant's motion for leave to file an amended § 2255 motion is granted, and movant shall have 60 days from the date of service of this order to file the amended motion.

Dated: June 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court makes no finding at this time as to the timeliness of the current motion.

2