1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9    UNITED STATES OF AMERICA,

10            Respondent,                        No. CR S-05-0554 LKK EFB P

11        vs.

12   HARVEY L. SEWELL,

13            Movant.                            <u>ORDER</u>

14   _____/

15        Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set

16   aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In his motion, movant asserts

17   several claims of ineffective assistance of trial and appellate counsel.  Dckt. No. 225.  Presently

18   before the court is respondent's motion for an order finding that movant has waived the attorney-

19   client privilege for communications between movant and his former attorneys.  Dckt. No. 239.

20        On September 20, 2011, respondent was ordered to file a response to movant's motion to

21   vacate, set aside, or correct his sentence.  Dckt. No. 232.  Respondent was subsequently granted

22   three extensions of time to file a response, with the response currently due July 22, 2012.

23   Respondent now contends that it cannot properly respond to movant's motion without

24   knowledge of the communications between movant and his former attorneys.  Since three of the

25   four attorneys that previously represented movant have advised respondent that they cannot

26   discuss any attorney-client privilege matter without a waiver, respondent seeks an order stating

1

1   that movant has waived the attorney-client privilege.

2        In support of its motion, respondent cites *Bittaker v. Woodford*, 331 F. 3d 715 (9th Cir.

3   2003), arguing that *Bittaker* stands for the proposition that a section 2255 motion based on

4   ineffective assistance of counsel constitutes a waiver of the attorney-client privilege.  Though the

5   court in *Bittaker* held that a claim based upon ineffective assistance of counsel impliedly waives

6   the attorney-client privilege, it does not follow that discovery of all communications between

7   movant and his former attorneys is automatic.  In section 2255 proceedings, a party is not

8   automatically entitled to discovery; rather, a party requesting discovery must show good cause.

9   Rule 6(a), Fed. R. Governing Section 2255 Proceedings.  Furthermore, "[a] party requesting

10  discovery must provide reasons for the request.  The request must also include any proposed

11  interrogatories and requests for admissions, and must specify any requested documents."  Rule

12  6(b), Rules Governing Section 2255 Proceedings.  Moreover, the filing of a section 2255 motion

13  alleging ineffective assistance of counsel does not result in a complete waiver of the attorney-

14  client privilege.  Rather, the holder of the privilege only waives the privilege "to the extent

15  necessary to give [respondent] a fair opportunity to defend against [the claim]."  *Bittaker*, 331

16  F.3d at 720.  Consequently, discovery of attorney-client communications requires a narrowly

17  drawn protective order.  *Id*. at 720-25.

18       Although respondent has not formally requested discovery, it requests this court issue an

19  order declaring that movant has waived the attorney-client privilege.  While it is clear that the

20  privilege has been waived as to the topics the movant has placed in issue by his claims of

21  ineffective assistance of counsel, the scope of the waiver is not as broad as respondent's request

22  implies.  In light of *Bittaker*, the undersigned declines to grant such a broad request.  If

23  respondent wishes to depose movant's former attorneys, it must submit a request for discovery

24  complying with Rule 6 of the Rules Governing Section 2255 Proceedings.  Upon a showing of

25  good cause and the issuance of a protective order, the court will permit discovery of

26  communications between movant and his former attorneys.

1       Accordingly, it is hereby ORDERED that respondent's April 9, 2012 motion is denied

2  without prejudice.

3  Dated:  May 24, 2012.

4                                          EDMUND F. BRENNAN

5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26