IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                              No. 2:05-cr-554 LKK EFB P

      vs.

HARVEY L. SEWELL,

      Movant.                                  <u>ORDER</u>

_____/

      Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts in his motion several claims of ineffective assistance of trial and appellate counsel. Dckt. No. 225. Presently before the court is respondent's motion for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. Dckt. No. 246.

      On September 20, 2011, respondent was ordered to file a response to movant's motion to vacate, set aside, or correct his sentence. Dckt. No. 232. Respondent contends, however, that it cannot properly respond to movant's motion without discovery because it does not possess any evidence that is responsive to the movant's claims. Dckt. No. 246 at 2. Respondent thus contends that depositions of movant's former attorneys and requests for production of specified documents relating to movant's claims are necessary to effectively respond to movant's motion. *Id*.

Upon a showing of good cause, a court may allow a party to conduct discovery. Rule 6(a), Rules Governing Section 2255 Proceedings. The requesting party "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Fed. R. Governing Section 2255 Proceedings.

Respondent requests permission to depose four of movant's former attorneys. Dckt. No. 246 at 5-13. Respondent also seeks from movant's former attorneys the production of material specifically relating to movant's various claims of ineffective assistance of counsel. Dckt. No. 246, Exs. A-D. Respondent has shown that it will not be able to effectively respond to movant's motion without first conducting discovery, and request to proceed with the proposed discovery is granted.

Permitting discovery relating to movant's claims of ineffective assistance of counsel will necessarily require the disclosure of communications typically protected by the attorney-client privilege. However, by asserting claims of ineffective assistance of counsel, movant has impliedly waived the attorney-client privilege. *See Bittaker v. Woodford*, 331 F.3d 715, 716-20 (9th Cir. 2003). The waiver, however, is limited. Where, as here, a movant impliedly waives the attorney-client privilege by asserting an ineffective assistance of counsel claim, the privilege is waived only to the extent necessary to allow the opposing party to rebut the claim. *See id*. at 720-21. Furthermore, the privileged material disclosed may only be used to respond to movant's motion and cannot be used in other proceedings. *Id*. Furthermore, respondent shall treat discovered communications and information as confidential and shall not disclose their contents other than in the course of litigating movant's § 2255 motion.

So Ordered.

Dated: August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE