UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        NO. CR. S-05-554 LKK

    Respondent,

  v.                              O R D E R

HARVEY L. SEWELL,

    Movant.
_____/

    Pending before the court is *pro se* habeas petitioner Harvey Sewell's motion for reconsideration of Magistrate Judge Brennan's order denying Sewell's request for appointment of counsel.

**I. BACKGROUND**

    In 2006, Sewell was arrested and charged with distribution of crack cocaine and conspiracy to distribute crack cocaine. He was arraigned on four occasions, twice before Magistrate Judge Drozd and twice before then-Magistrate Judge Mueller; at each hearing, he entered a plea of "not guilty." (ECF nos. 17, 41, 49, 108.) At the first three arraignments, Sewell was represented by Assistant

Federal Defender Lexi Negin ("AFD Negin"), at the fourth, by CJA panel attorney Mark Reichel.

On December 19, 2006, Reichel substituted in for AFD Negin as Sewell's counsel. (ECF no. 87.) On June 19, 2007, Sewell requested new counsel, and at some point in the next week, attorney Hayes Gable substituted in for Reichel. (ECF nos. 125, 128.)

On January 29, 2008, Sewell's jury trial commenced in this court. (ECF no. 154.) The ninth and final day of trial fell on February 13, 2008, when the jury found Sewell guilty of one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of crack cocaine and four counts of distribution of at least five grams of crack cocaine. (ECF no. 162.) On August 5, 2008, the court sentenced Sewell to 300 months in federal prison. (ECF nos. 176, 180.) The same day, attorney Timothy Warriner substituted in for attorney Gable as Sewell's counsel. (Id.)

Sewell timely appealed his conviction to the Ninth Circuit, alleging (i) prosecutorial misconduct and (ii) error by the court in failing to sustain certain objections on cross-examination. On December 21, 2009, the Ninth Circuit affirmed his conviction. (ECF no. 220.) According to its opinion, any impropriety or error at trial was outweighed by the "overwhelming" and "substantial" evidence of Sewell's guilt. U.S. v. Sewell, 359 Fed.Appx. 860 (9th Cir. 2009).

On March 18, 2011, Sewell filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF no.

225).[1] On August 12, 2011, having previously obtained leave, he filed an amended motion. (ECF no. 231.) In his amended motion, Sewell alleges ineffective assistance of counsel during the plea process, the pretrial motion stage, trial, sentencing, and appeal. He also seeks a reduction in his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, which reduced criminal penalties for certain crack cocaine-related offenses. The petition is occasioned by a request by petitioner Sewell for leave to depose, among others, attorneys Gable, Reichel, Warriner, and AFD Negin. (Id. at 30.)[2] The motion includes a request for appointment of counsel under Rules 6 and 8 of the Rules Governing Section 2255 Proceedings.[3] (Id. at 31.)

The government has yet to file an answer to Sewell's motion. Instead, over the past year, it has requested and obtained five extensions of time to respond; the latest extension provides the government until January 16, 2013. (See ECF nos. 233, 235, 236,

---

[1] Sewell simultaneously filed a motion for leave to file an amended § 2255 motion (ECF no. 224) which (i) described his initial § 2255 motion as a "placeholder," and (ii) asserted that his amended motion would, rather than raise any new claims, clarify the factual and legal bases for the claims in the original motion. In his Order granting leave to amend, the Magistrate Judge declined to find whether the initial motion was timely-filed and whether the amended motion would relate back to the initial motion for purposes of timeliness. (ECF no. 227.) As neither the Magistrate Judge nor the government has subsequently raised the issue, the court is left to presume that Sewell's motion was timely-filed.

[2] He also requests an evidentiary hearing on his allegations, and an order either vacating or reducing his sentence. (Id. at 30.)

[3] All further references to "Rule" herein refer to the Rules Governing Section 2255 Proceedings.

237, 242, 244, 247, 252, 265, and 267).

On April 9, 2012, Assistant U.S. Attorney Jason Hitt, the prosecutor in Sewell's case, filed a motion on behalf of the government for an order finding that Sewell had waived the attorney-client privilege with respect to attorneys Gable, Reichel, Warriner, and AFD Negin. (ECF no. 239.) In its motion, the government claims that it cannot properly respond to Sewell's claims of ineffective assistance of counsel without knowledge of communications between Sewell and his former attorneys. (Id.)

On May 25, 2012, Magistrate Judge Brennan denied the government's motion without prejudice, and issued an order making clear that, under Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003), a section 2255 motion based on ineffective assistance of counsel waives the attorney-client privilege only "to the extent necessary to give [the government] a fair opportunity to defend against [Sewell's claim]." The order then provides that if the government wishes to depose Sewell's former attorneys, it must submit a request for discovery complying with Rule 6; upon a showing of good cause, the magistrate would permit discovery of communications between Sewell and his former attorneys, subject to a protective order. (ECF no. 245.)

On July 20, 2012, AUSA Hitt filed a request for leave of court to conduct discovery under Section 2255 (ECF no. 246), claiming good cause to conduct depositions and propound requests for production on Sewell's former attorneys because "[t]he government does not currently possess evidence, in any form, that is

responsive to the specific claims made by the defendant in his motion. The issues raised by the defendant must be answered with evidence that, for the most part, resides exclusively within the memories, files, correspondence, documents, and answers under oath of the defendant's former counsel." (Id. at 2.) The motion papers include as exhibits deposition notices and requests for production directed to each of the attorneys. (Id.)

On August 13, 2012, Judge Brennan issued an order granting leave to proceed with the proposed discovery. (ECF no. 253.) The order also provided as follows:

> Permitting discovery relating to movant's claims of ineffective assistance of counsel will necessarily require the disclosure of communications typically protected by the attorney-client privilege. However, by asserting claims of ineffective assistance of counsel, movant has impliedly waived the attorney-client privilege. See Bittaker v. Woodford, 331 F.3d 715, 716-20 (9th Cir. 2003). The waiver, however, is limited. Where, as here, a movant impliedly waives the attorney-client privilege by asserting an ineffective assistance of counsel claim, the privilege is waived only to the extent necessary to allow the opposing party to rebut the claim. See id. at 720-21. Furthermore, the privileged material disclosed may only be used to respond to movant's motion and cannot be used in other proceedings. Id. Furthermore, respondent shall treat discovered communications and information as confidential and shall not disclose their contents other than in the course of litigating movant's § 2255 motion.

(Id. at 2.)

On August 30, 2012, AFD Negin filed (i) a Request for Clarification Regarding the Method for Ruling on the Scope of Waiver of Attorney-Client Privilege and (ii) a Notice of Authority regarding Sewell's Right to be Present at Deposition and Right to Counsel. (ECF no. 254.) She notes that the August 13 order (ECF

5

no. 253) does not specify the topics about which the privilege is considered waived, does not establish a process for court review of the attorneys' files to determine whether the waiver applies to those files, and does not provide Sewell an opportunity to review privileged documents and either object to their production or withdraw allegations in order to preserve their confidentiality. Negin asks for clarification of the scope of waiver so that she may avoid violating her duty of loyalty to Sewell. She also raises concerns about holding depositions at which Sewell will either not be present or not have attorney representation, in either case leading to non-existent or ineffective objections and cross-examination. On August 31, 2012, attorneys Gable and Warriner filed notices of joinder in these moving papers. (ECF nos. 255, 257.)

On September 11, 2012, AFD Negin filed a Request for Ruling on Sewell's Request for Appointment of Counsel, as made in his August 28, 2011 amended motion (ECF no. 229 at 31). (ECF no. 258.) In her Request, she describes an *ex parte*, unrecorded conference held on September 7, 2012 in Magistrate Judge Brennan's chambers that included counsel for the government and all four of Sewell's former attorneys. She alleges that, at the conference, Judge Brennan made clear (i) that Sewell or his former attorneys could object during the depositions if questions went beyond the scope of any implied waiver of the attorney-client privilege, (ii) that Sewell had the right to be present at the depositions, and (iii) that the government had to arrange for his presence. But no ruling was made on Sewell's request for appointment of counsel.

6

Citing Rule 6 ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"), AFD Negin argues that Sewell requires counsel in order to preserve valid objections to questions beyond the scope of the waiver and to conduct effective cross-examination.

On September 14, 2012, Magistrate Judge Brennan issued an order finding that appointment of counsel under 18 U.S.C. § 3006A was not warranted, and denying without prejudice Sewell's request for appointment of counsel. (ECF no. 260.)

On October 1, 2012, Sewell filed a request for reconsideration by the district court of the order denying appointment of counsel. (ECF no. 261.) This request for reconsideration is presently before the court.

## II. STANDARDS

**Standard for Appointment of Attorney**

In a federal habeas action, the court may appoint counsel for a financially-eligible person if justice so requires. See 18 U.S.C. § 3006A(2)(B), 28 U.S.C. § 2255. Under Rule 6(a), the court must appoint an attorney "[i]f necessary for effective discovery."

**Standard for Reconsideration**

Under Local Rule 303(c), "A party seeking reconsideration of a Magistrate Judge's ruling shall file a request for reconsideration by a Judge.... Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

7

Local Rule 303(f) provides that "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."

The latter statute provides:

> Notwithstanding any provision of law to the contrary...a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain specified matters]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

An order is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential ...." Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). Under the "contrary to law" standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (Whelan, J.). The movant's mere disagreement with a ruling is not grounds for reconsideration. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (Wanger, J.).

////

////

**III. ANALYSIS**

    **A. Legal Analysis**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (i) that counsel's conduct fell below an objective standard of reasonableness and (ii) that these errors created a reasonable probability of a different outcome for the proceedings. Id. at 687–88.

One challenge in determining the merits of Sewell's claim is his failure to identify the specific attorney whose acts or omissions he is challenging. Instead, throughout his motion papers, he uses the generic term "counsel" to refer to his various attorneys. Where it is easy to identify the attorney in question (Gable was the only attorney who represented Sewell at trial; Warriner, on appeal), the court has done so; where identification is impossible (AFD Negin, Reichel, and Gable variously represented Sewell in pre-trial proceedings), the court has listed the attorneys who might be the subject of Sewell's challenge.

    **1. Failure to apprise Sewell of his right to testify**

Sewell alleges that Gable, his trial counsel, failed to "advise [him] that he had a constitutional right to testify in the trial process even if counsel advised and believed that such testimony would be inadvisable from counsel's viewpoint." (ECF no. 231 at 21.) As a result, Sewell alleges he was "not aware that he

had the ultimate authority to decide whether to take the stand and testify; that is that only [he, Sewell,] could waive his constitutional right to testify in the trial process." (ECF no. 231 at 22.)

Ultimately, Sewell did not testify, which, he argues, prejudiced him in the following ways:

- There is a reasonable probability that the jury would have found him not guilty.
- He was deprived of his substantive right to take the witness stand and testify.
- "Confidence in the reliability of his trial process" was "undermined."

(ECF no. 231 at 20.)

As explained below, the court is not satisfied that the petitioner has made a cognizable claim.

It is, of course, true that criminal defendants have a constitutional right to testify at trial in their own defense. Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). This right is personal to the defendant and its relinquishment must be knowing and intentional. U.S. v. Joelson, 7 F.3d 174, 177 (9th Cir. 1993). Nevertheless, trial courts have no duty to inform defendants of their right to testify, nor must they ensure that a waiver of the right is made on the record. U.S. v. Martinez, 883 F.2d 750 (9th Cir. 1989). Moreover, under Ninth Circuit precedent, defendants are not deprived of their right to testify if counsel fails to inform them of this right. In U.S. v. Edwards, 897 F.2d

10

445 (9th Cir. 1990), cert. denied, 498 U.S. 1000, 111 S.Ct. 560, 112 L.Ed.2d 567 (1990), the Ninth Circuit denied an appeal by a defendant who claimed that his attorney failed to inform him of his right to testify. The court held that waiver of the right is to be inferred from defendant's conduct — specifically, his failure to make his desire to testify known to the court or the prosecution — reasoning that, otherwise, courts would be forced to confirm waiver of the right with defendants on the record. This, in turn, would undermine Martinez, in which the Ninth Circuit expressed concerns about unwarranted intrusion by trial courts into the attorney-client privilege and trial strategy. 883 F.2d at 756. See also U.S. v. Nohara, 3 F.3d 1239, 1244 (9th Cir. 1993) (holding that defendant, who claimed his lawyer did not inform him of his right to testify, waived this right due to "silen[ce] in the face of his attorney's decision not to call him as a witness").

Based on the foregoing precedent, it appears that no amount of discovery will enable Sewell to make out a claim for ineffective assistance of counsel on the grounds that Gable failed to apprise him of his right to testify.[4]

**2. Failure to apprise Sewell of plea options**

Sewell alleges (ECF no. 231 at 20-26) that his pre-trial counsel failed to adequately advise him during the plea process. Specifically, AFD Negin, Reichel and/or Gable:

---

[4] Moreover, having presided over the trial, this court is satisfied that any testimony from defendant would not have resulted in an acquittal.

11

- "could have but did not fully advise [Sewell] as to the law relevant to the determination whether to plead guilty, nolo contendere, or not guilty and proceed to trial."
- "could have but did not advise [Sewell] that he could plead guilty or nolo contendere without an 'offer' or 'deal' or 'plea agreement' with the government. While the 'straight up' plea of guilty or nolo contendere could have been rejected by the Court under certain limited circumstances, it was extremely unlikely that the Court would have done so in this case."
- "could have but did not advise [Sewell] that if he tendered a timely plea of guilty or nolo contendere and demonstrated remorse, he could likely obtain a 3-points reduction in his offense level under [Sentencing Guidelines] § 3E1.1 for 'acceptance of responsibility.'"
- "could have but did not advise [Sewell] that if he pleaded guilty or nolo contendere he would not waive any defenses at sentencing, and would still be able to challenge his 'Base Offense Level,' his 'Total Offense Level,' his relevant conduct, his criminal history, the facts allegedly supporting the foregoing as well as other sentencing factors such as whether he was entitled to a downward departure or downward variance or adjustments for mitigating factors."
- "could have but did not explain that a timely plea of

12

        guilty or nolo contendere would have made additional, far more useful and powerful defenses available for [Sewell] at sentencing than he had by proceeding to trial."

- "misadvised [Sewell] that he could only obtain a benefit to his sentence if the government offered him a 'plea agreement.'"
- "misadvised [Sewell] that he could only obtain a benefit to his sentence if he cooperated with the government in the investigation or prosecution of another person who has committed an offense."

(ECF no. 231 at 23-25.) Sewell claims that as a result of these acts and omissions, he believed that "there was no significant advantage in pleading guilty or nolo contendere instead of proceeding to trial. His plea of not guilty was predicated in material part on this understanding."

    Ultimately, Sewell claims his "not guilty" plea prejudiced him in the following ways:

- "[I]t undermined [his] ability to make a voluntary and intelligent choice among the alternative courses of action open to him."
- "[T]here is a reasonable probability that [he] would have pleaded guilty or nolo contendere instead of proceeding to trial," and consequently, received a reduced sentence.
- His attorneys' acts and omissions "undermine confidence

13

in the reliability of the plea process in his case." (ECF no. 231 at 25-26.)

Habeas petitioners often claim that counsel misled them into accepting plea deals rather than proceeding to trial. See, e.g., Padilla v. Kentucky 2010 U.S. __, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (holding that to meet Sixth Amendment guarantee of effective assistance, counsel must inform a client if a plea carries a risk of deportation). But there are also cases finding ineffective assistance of counsel when defendants reject plea offers and proceed to trial. See, e.g., Alvernaz v. Ratelle, 831 F.Supp. 790 (S.D.Cal. 2000) (finding ineffective assistance of counsel where defense attorney understated the possible sentencing consequences of proceeding to trial and defendant consequently rejected plea offer); see also U.S. v. Blaylock, 20 F.3d 1458 (9th Cir. 1994) (ordering evidentiary hearing on whether failure to inform defendant of government's plea offer constituted ineffective assistance of counsel).

In its most recent term, the Supreme Court issued two decisions regarding the standards for effective assistance of counsel during the plea bargaining phase: Lafler v. Cooper, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Lafler concerns a defendant's decision to reject a plea offer based on incorrect advice from his counsel; in Frye, counsel failed to communicate a plea offer before its expiration. In both cases, defendants claimed they were prejudiced because the sentences they received after

trial were longer than they would have received under the plea offers. The Court held that the Sixth Amendment right to counsel "extends to the plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel," Lafler, 132 S.Ct. at 1384, and set forth standards for applying Strickland's prejudice test in situations like those faced by the defendants in those cases.

None of the cases cited above is precisely on-point with the present situation. Sewell does not challenge his counsel's performance in plea bargaining; rather, he claims that he was not advised of his rights to plead guilty or nolo contendere absent a plea offer, and that he was prejudiced by the lengthier sentence he received by going to trial.

If, per Lafler and Frye, the Sixth Amendment requires attorneys to timely and accurately communicate plea offers to their clients, petitioner contends that, absent a plea offer, counsel must also accurately communicate the potential sentencing implications of pleading guilty, not guilty, or nolo contendere. Thus, petitioner contends that discovery into counsel's advice to Sewell may be warranted.

In sum, to find ineffective assistance of counsel in this case would require a finding that AFD Negin, Reichel, and Gable — all experienced criminal defense attorneys — each failed to properly advise Sewell on the plea process. While it is possible that discovery might uncover such an omission by all three attorneys, it is certainly improbable. Moreover, the minutes for at least two

of Sewell's arraignments indicate that he was apprised of the charges against him and his rights by the presiding Magistrate Judge, and on both occasions, proceeded to plead "not guilty." (ECF nos. 17, 208.)

**3. Failure to apprise Sewell of right to bench trial**

Sewell also alleges (ECF no. 231 at 27-30) that AFD Negin, Reichel and/or Gable:

- failed to "fully inform themselves and [Sewell] as to all facts relevant to the determination whether to proceed to a jury trial or, instead, to move for a bench trial on stipulated facts."
- failed to advise Sewell about the requirements for demonstrating acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1
- failed to advise Sewell that a stipulated bench trial might allow him to seek acceptance of responsibility while still reserving appellate rights.
- failed to advise Sewell that proceeding to a bench trial on stipulated facts would not waive his right to raise any defenses at his sentencing, including his "Base Offense Level, his Total Offense Level, his relevant conduct, his criminal history, the facts allegedly supporting the foregoing as well as other sentencing factors such as whether he was entitled to a downward departure or downward variance or adjustments for mitigating factors."

16

(ECF no. 231 at 27-28.)

Sewell asserts that he was prejudiced by these failures, as he would have proceeded to a bench trial on stipulated facts, and subsequently sought and received a reduction in his sentence under U.S. Sentencing Guidelines § 3E1.1 for acceptance of responsibility. (ECF no. 231 at 27-28.)

Research has failed to reveal a case addressing whether the Sixth Amendment's right to effective counsel is violated by counsel's failure to apprise the defendant of the possibility of proceeding with a bench trial, rather than jury trial.

Further, Sewell appears unaware of Fed. R. Crim. Proc. 23(a), which requires both the government's consent and the court's approval for a bench trial in a criminal matter. There is no evidence in the record to suggest that the government would have waived a jury trial in this matter, and the petitioner can only speculate as to whether the court would have approved such an arrangement.

Moreover, Sewell requested a jury trial at all four of his arraignment proceedings. (ECF nos. 17, 41, 49, 108.). No questions have been raised as to Sewell's competence; assuming that he prepared his 2255 motion papers himself, he appears to be a person of some intelligence. Surely he could have reasoned that, when the court asked whether he wanted a jury trial, he had the option of inquiring into the possibility of a non-jury trial.

Finally, even if discovery were to show that AFD Negin, Reichel, and Gable all failed to inform Sewell of the possibility

17

of a bench trial, given Fed. R. Crim. Proc. 23(a)'s requirement of government consent, there does not appear to be any basis for claiming a constitutional violation on these grounds.

### 4.   Additional failures by Sewell's counsel

Sewell also lists the following grounds for his habeas petition, but provides no specifics about the acts or omissions he is challenging, nor how he was prejudiced by them. (ECF no. 231 at 6-13.) Therefore, they are listed here merely for completeness:

- Gable "failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of [Sewell] and counsel could have but did not timely move for dismissal of the indictment."
- Gable "failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence by the prosecution."
- Gable "failed to timely request appropriate jury instructions and to timely object to insufficient instructions." At closing argument, Gable also "failed to timely object to improper argument by the prosecution and/or to timely ask for curative instructions for the improper argument."
- Gable "failed to investigate or present available evidence and legal authority material to the sentencing of [Sewell]." Gable also "failed to object to unlawful, false, and unreliable evidence used to determine

18

        [Sewell's] guideline sentencing range and ultimate sentence."

- Gable "failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a)."
- Warriner "failed to investigate or present the strongest issues available to [Sewell] for his direct appeal and failed to preserve viable issues for collateral review."
- AFD Negin, Reichel, Gable and/or Warriner "labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, trial, sentencing and direct appeal process in this case."

Given the absence of any specification of particular acts, the court finds the petition is insufficient to justify discovery.

**B. Further Considerations**

Two other considerations influence the court in the instant case. First, the court recalls the trial in this matter. To say that Mr. Gable provided the defendant with a first rate trial, is, simply to reflect the reality. Moreover, Ms. Negin is one of the best defense lawyers appearing before this court.

Finally and frankly, given Mr. Sewell's relationship with lawyers heretofore appointed on his behalf, the court fears that any further appointment would only lead to further charges of incompetence.[5]

---

[5] Given the court's disposition, it need not further consider the propriety of discovery before filing an answer. See U.S. v. Prado, case no. S-02-21, 209 WL 4018147 (E.D. Cal. Nov. 18, 2009); U.S. v. Maya-Cruz, case no. 10-cr-00185-KJM, ECF no. 45 at 3.

1  **IV. CONCLUSION**

2  The court, on its own motion, denies discovery, pending the
3  magistrate judge's considering the adequacy of the petition.  The
4  matter is referred back to the magistrate judge.

5  For all the above reasons, the magistrate judge's order
6  denying counsel is affirmed.

7  IT IS SO ORDERED.

8  DATED: November 14, 2012.

```
                        /s/ Lawrence K. Karlton
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT
```