1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:05-cr-0554-TLN-EFB P

12            Respondent,

13       v.                                       FINDINGS AND RECOMMENDATIONS

14   HARVEY SEWELL,

15            Movant.

16

17       Movant Harvey Sewell is a federal prisoner proceeding without counsel with a motion to

18   vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Sewell was convicted of

19   one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of

20   crack cocaine and four counts of distribution of at least five grams of crack cocaine, and was

21   sentenced to 300 months in federal custody.  He seeks post-conviction relief on the grounds that

22   his trial and appellate counsel rendered ineffective assistance.  He also requests an evidentiary

23   hearing on his claims and an order either vacating or reducing his sentence.  Upon careful

24   consideration of the record and the applicable law, it is recommended that Sewell's § 2255

25   motion be denied.

26   /////

27   _____

28   [1]   This motion was assigned, for statistical purposes, the following civil case number: No.
     2:11-cv-2166-TLN-EFB P.

1

1    **I.    Procedural Background**

2            In a previous order filed in this case, the district court issued the following procedural

3    summary of the proceedings against Sewell:

4                   In 2006, Sewell was arrested and charged with distribution of crack
                    cocaine and conspiracy to distribute crack cocaine.  He was
5                   arraigned on four occasions, twice before Magistrate Judge Drozd
                    and twice before then-Magistrate Judge Mueller; at each hearing, he
6                   entered a plea of "not guilty."  (ECF nos. 17, 41, 49, 108.)  At the
                    first three arraignments, Sewell was represented by Assistant
7                   Federal Defender Lexi Negin ("AFD Negin"), at the fourth, by CJA
                    panel attorney Mark Reichel.
8
                    On December 19, 2006, Reichel substituted in for AFD Negin as
9                   Sewell's counsel.  (ECF no. 87.)  On June 19, 2007, Sewell
                    requested new counsel, and at some point in the next week, attorney
10                  Hayes Gable substituted in for Reichel.  (ECF nos. 125, 128.)

11                  On January 29, 2008, Sewell's jury trial commenced in this court.
                    (ECF no. 154.)  The ninth and final day of trial fell on February 13,
12                  2008, when the jury found Sewell guilty of one count of conspiracy
                    to distribute and possess with intent to distribute at least 50 grams
13                  of crack cocaine and four counts of distribution of at least five
                    grams of crack cocaine.  (ECF no. 162.)  On August 5, 2008, the
14                  court sentenced Sewell to 300 months in federal prison. (ECF nos.
                    176, 180.)  The same day, attorney Timothy Warriner substituted in
15                  for attorney Gable as Sewell's counsel.  (Id.)

16                  Sewell timely appealed his conviction to the Ninth Circuit, alleging
                    (i) prosecutorial misconduct and (ii) error by the court in failing to
17                  sustain certain objections on cross-examination.  On December 21,
                    2009, the Ninth Circuit affirmed his conviction.  (ECF no. 220.)
18                  According to its opinion, any impropriety or error at trial was
                    outweighed by the "overwhelming" and "substantial"  evidence of
19                  Sewell's guilt.  *U.S. v. Sewell*, 359 Fed.Appx. 860 (9th Cir. 2009).

20                  On March 18, 2011, Sewell filed a pro se motion to vacate, set
                    aside, or correct his sentence under 28 U.S.C. § 2255.  (ECF no.
21                  225).  (footnote omitted.)  On August 12, 2011, having previously
                    obtained leave, he filed an amended motion.  (ECF no. 231.)  In his
22                  amended motion, Sewell alleges ineffective assistance of counsel
                    during the plea process, the pretrial motion stage, trial, sentencing,
23                  and appeal.  He also seeks a reduction in his sentence pursuant to
                    the Fair Sentencing Act of 2010, Pub. L. No. 111-220, which
24                  reduced  criminal  penalties  for  certain  crack  cocaine-related
                    offenses.   The petition is occasioned by a request by petitioner
25                  Sewell for leave to depose, among others, attorneys Gable, Reichel,
                    Warriner, and AFD Negin.  (Id. at 30.)   The motion includes a
26                  request for appointment of counsel under Rules 6 and 8 of the Rules
                    Governing Section 2255 Proceedings.[2]  (Id. at 31.)

27    _____

28            [2]   All further references to "Rule" herein refer to the Rules Governing Section 2255

* * *

> On April 9, 2012, Assistant U.S. Attorney Jason Hitt, the prosecutor in Sewell's case, filed a motion on behalf of the government for an order finding that Sewell had waived the attorney-client privilege with respect to attorneys Gable, Reichel, Warriner, and AFD Negin. (ECF no. 239.) In its motion, the government claims that it cannot properly respond to Sewell's claims of ineffective assistance of counsel without knowledge of communications between Sewell and his former attorneys. (*Id.*)
>
> On May 25, 2012, Magistrate Judge Brennan denied the government's motion without prejudice, and issued an order making clear that, under *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003), a section 2255 motion based on ineffective assistance of counsel waives the attorney-client privilege only "to the extent necessary to give [the government] a fair opportunity to defend against [Sewell's claim]." The order then provides that if the government wishes to depose Sewell's former attorneys, it must submit a request for discovery complying with Rule 6; upon a showing of good cause, the magistrate would permit discovery of communications between Sewell and his former attorneys, subject to a protective order. (ECF no. 245.)
>
> On July 20, 2012, AUSA Hitt filed a request for leave of court to conduct discovery under Section 2255 (ECF no. 246), claiming good cause to conduct depositions and propound requests for production on Sewell's former attorneys because "[t]he government does not currently possess evidence, in any form, that is responsive to the specific claims made by the defendant in his motion. The issues raised by the defendant must be answered with evidence that, for the most part, resides exclusively within the memories, files, correspondence, documents, and answers under oath of the defendant's former counsel." (*Id.* at 2.) The motion papers include as exhibits deposition notices and requests for production directed to each of the attorneys. (Id.)

ECF No. 268 at 1-5.

On August 13, 2012, the undersigned issued an order granting AUSA Hitt's July 20, 2012 motion for discovery in the form of depositions of Sewell's former attorneys. ECF No. 253. On August 30, 2012, AFD Negin filed (1) a Request for Clarification Regarding the Method for Ruling on the Scope of Waiver of Attorney-Client Privilege and (2) a Notice of Authority regarding Sewell's Right to be Present at Deposition and Right to Counsel. ECF No. 254. Therein, she requested that this court "clarify the scope of the attorney-client privilege waiver, and how and when the Court will rule on objections that are based on the attorney-client

Proceedings.

1   privilege." *Id.* at 6.  Attorney Negin also "alert[ed] the Court to authority indicating that Mr.

2   Sewell has a right to be present at any deposition and that counsel should be appointed to

3   represent him." *Id.*  On September 14, 2012, this court issued an order denying without prejudice

4   attorney Negin's request for appointment of counsel for Sewell during the discovery process.

5   ECF No. 260.

6        On October 1, 2012, Sewell filed a request for reconsideration by the district court of this

7   court's September 14, 2012 order denying him the appointment of counsel.  ECF No. 261.  By

8   order dated November 14, 2012, the district court, on its own motion, denied discovery in this

9   matter pending this court's consideration of the adequacy of Sewell's § 2255 motion, and

10  affirmed this court's order denying Sewell's motion, through attorney Negin, for the appointment

11  of counsel.  ECF No. 268.

12       On February 11, 2013, respondent filed an answer to Sewell's § 2255 motion.  ECF No.

13  271.  On February 28, 2013, Sewell filed a traverse.  ECF No. 277.

14  **II.  Standards of Review Applicable to Claims Pursuant to 28 U.S.C. § 2255**

15       A federal prisoner making a collateral attack against the validity of his or her conviction

16  or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to

17  28 U.S.C. § 2255, filed in the court which imposed sentence.  *Tripati v. Henman*, 843 F.2d 1160,

18  1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes

19  that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

20  States.  *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a

21  petitioner must demonstrate the existence of an error of constitutional magnitude which had a

22  substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v.*

23  *Abrahamson*, 507 U.S. 619, 637 (1993).  Relief is warranted only where a petitioner has shown "a

24  fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v.*

25  *United States*, 417 U.S. 333, 346 (1974).

26       Under § 2255, "a district court must grant a hearing to determine the validity of a petition

27  brought under that section, '[u]nless the motions and the files and records of the case conclusively

28  show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465

4

(9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing

if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so

palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v.*

*McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a

hearing, therefore, the movant must make specific factual allegations which, if true, would entitle

him to relief.  *Id.*  Mere conclusory assertions in a § 2255 motion are insufficient, without more,

to require a hearing.  *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980).

## III.  Movant's Claims

Movant claims that his counsel rendered ineffective assistance throughout all phases of

the criminal proceedings against him.[3]  After setting forth the applicable legal principles, the

court will analyze each of Sewell's claims in turn below.

### A.  Legal Principles: Ineffective Assistance of Counsel

The applicable legal standards for a claim of ineffective assistance of counsel are set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on a *Strickland* claim, a defendant

must show that (1) his counsel's performance was deficient and that (2) the "deficient

performance prejudiced the defense."  *Id.* at 687.  Counsel is constitutionally deficient if his or

her representation "fell below an objective standard of reasonableness" such that it was outside

"the range of competence demanded of attorneys in criminal cases."  *Id.* at 687–88 (internal

quotation marks omitted).  "Counsel's errors must be 'so serious as to deprive the defendant of a

fair trial, a trial whose result is reliable.'"  *Harrington v. Richter*, 131 S.Ct. 770, 787-88 (2011)

(quoting *Strickland*, 466 U.S. at 687).

/////

---

[3]  In its November 14, 2012 order denying movant's request for reconsideration, the district court noted that "one challenge in determining the merits of Sewell's claim is his failure to identify the specific attorney whose acts or omissions he is challenging."  ECF No. 268 at 9.  This is because "throughout his motion papers, [Sewell] uses the generic term 'counsel' to refer to his various attorneys."  *Id.*  As described above, Sewell was represented by four attorneys during the course of these proceedings.  In light of Sewell's failure to specify which attorney he is challenging in each claim, this court will also refer to the generic term "counsel" in its analysis of movant's claims.

1    A reviewing court is required to make every effort "to eliminate the distorting effects of

2  hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

3  conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 131

4  S.Ct. at 789.  Reviewing courts must also "indulge a strong presumption that counsel's conduct

5  falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

6  This presumption of reasonableness means that the court must "give the attorneys the benefit of

7  the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel

8  may have had for proceeding as they did." *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388,

9  1407 (2011) (internal quotation marks and alterations omitted).

10    Prejudice is found where "there is a reasonable probability that, but for counsel's

11  unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466

12  U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the

13  outcome." *Id.*  "The likelihood of a different result must be substantial, not just conceivable."

14  *Richter*, 131 S.Ct. at 792.  A reviewing court "need not first determine whether counsel's

15  performance was deficient before examining the prejudice suffered by the defendant as a result of

16  the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of

17  lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

18    The Strickland standards apply to appellate counsel as well as trial counsel.  *Smith v.*

19  *Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989).   In

20  order to establish prejudice in this context, a petitioner must demonstrate that, but for counsel's

21  errors, he probably would have prevailed on appeal.  *Id.* at 1434 n.9.

22    **B.  Ineffective Assistance of Counsel During Plea Process**

23    Sewell claims that his counsel failed to adequately advise him regarding the advisability

24  of pleading guilty to the charges against him.  He contends that counsel's omissions were the

25  result of a failure to conduct an adequate investigation into the facts and circumstances of his

26  case, including the weight of the government's evidence against him.  ECF No. 231 at 22-26.

27  Specifically, Sewell alleges that counsel: (1) "could have but did not fully inform themselves and

28  Mr. Sewell as to all facts relevant to the determination whether to plead guilty, nolo contendere,

6

or not guilty and proceed to trial; (2) "could have but did not advise Mr. Sewell that there was virtually no chance he could prevail at trial due to the overwhelming weight and quality of the government's evidence;" (3) "could have but did not fully advise Mr. Sewell as to the law relevant to the determination whether to plead guilty, nolo contendere, or not guilty and proceed to trial;" (4) "could have but did not advise [Sewell] that he could plead guilty or nolo contendere without an 'offer' or 'deal' or 'plea agreement' with the government" and that it was unlikely the trial court would reject a "straight up" plea of guilty or nolo contendere; (5)  "could have but did not advise Mr. Sewell that, if he tendered a timely plea of guilty or nolo contendere and demonstrated remorse, he could likely obtain a 3-points reduction in his offense level under U.S.S.G. § 3E1.1 for "acceptance of responsibility;" (6) affirmatively misadvised him that he "could only obtain a benefit to his sentence if he cooperated with the government in the investigation or prosecution of another person who has committed an offense;" (7) "could have but did not advise Mr. Sewell that if he pleaded guilty or nolo contendere he would *not* waive his right to raise *any* defenses at his sentencing" and he would still be able to challenge numerous sentencing factors pertinent to whether he was entitled to a downward departure or adjustment for mitigating factors; and (8) failed to advise Sewell "that a timely plea of guilty or nolo contendere would have made additional, far more useful and powerful defenses available for Mr. Sewell at sentencing than he had by proceeding to trial.  *Id.*  Sewell alleges that he "believed that there was no significant advantage in pleading guilty or nolo contendere instead of proceeding to trial" and that "his plea of not guilty was predicated in material part on this understanding."  *Id.* at 25.

Sewell claims he was prejudiced by his counsel's failure to correctly advise him about pleading guilty, for the following reasons: (1) counsel's deficient performance "undermined Mr. Sewell's ability to make a voluntary and intelligent choice among the alternative courses of action open to him;" (2) "there is a reasonable probability that Mr. Sewell would have pleaded guilty or nolo contendere instead of proceeding to trial;" (3) had he pleaded guilty or nolo contendere instead of proceeding to trial, there is a reasonable probability he would have received a sentence of 100 months less than he received because of his "acceptance of responsibility;" and (4)

/////

1   counsel's "omissions undermine confidence in the reliability of the plea process in his case." *Id.*

2   at 25-26.

3       The *Strickland* standards apply to claims of ineffective assistance of counsel involving

4   counsel's advice offered during the plea bargain process. *Missouri v. Frye*, ___ U.S. ___, 132

5   S.Ct. 1399 (2012); *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012); *Padilla v. Kentucky*,

6   559 U.S. ___, 130 S.Ct. 1473 (2009); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Nunes v. Mueller*,

7   350 F.3d 1045, 1052 (9th Cir. 2003).  "During plea negotiations defendants are 'entitled to the

8   effective assistance of competent counsel.'"  *Lafler*, 132 S.Ct. at 1384 (quoting *McMann v.*

9   *Richardson*, 397 U.S. 759, 771 (1970)).  As a general rule, "defense counsel has the duty to

10  communicate formal offers from the prosecution to accept a plea on terms and conditions that

11  may be favorable to the accused."  *Frye*, 132 S.Ct. at 1408.  *See also Blaylock*, 20 F.3d at 1466 (a

12  trial counsel's "failure to communicate the government's plea offer to his client constitutes

13  unreasonable conduct under prevailing professional standards.").  "A defendant has the right to

14  make a reasonably informed decision whether to accept a plea offer."  *Turner v.  Calderon*, 281

15  F.3d 851, 880 (9th Cir. 2002) (citations omitted).  Trial counsel must give the defendant sufficient

16  information regarding a plea offer to enable him to make an intelligent decision.  *Id.* at 881.

17  "[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to

18  advise the defendant of the available options and possible consequences' and failure to do so

19  constitutes ineffective assistance of counsel."  *Blaylock*, 20 F.3d at 1465 (quoting *Beckham v.*

20  *Wainwright*, 639 F.2d 262, 267 (5th Cir.1981)).

21      Counsel is not "required to accurately predict what the jury or court might find."  *Turner*,

22  281 F.3d at 881.  *See also McMann*, 397 U.S. at 771 ("uncertainty is inherent in predicting court

23  decisions.").  Nor is counsel required to "discuss in detail the significance of a plea agreement,"

24  give an "accurate prediction of the outcome of [the] case," or "strongly recommend" the

25  acceptance or rejection of a plea offer.  *Turner*, 281 F.3d at 881.  Although counsel must fully

26  advise the defendant of his options, he is not "constitutionally defective because he lacked a

27  crystal ball."  *Id.*  The relevant question is not whether "counsel's advice [was] right or wrong,

28  /////

8

1    but . . . whether that advice was within the range of competence demanded of attorneys in

2    criminal cases." *McMann*, 397 U.S. at 771.

3         In order to show prejudice in the context of plea offers, "a defendant must show the

4    outcome of the plea process would have been different with competent advice." *Lafler*, 132 S.Ct.

5    at 1384.  Defendants must also demonstrate a reasonable probability the plea would have been

6    entered without the prosecution canceling it or the trial court refusing to accept it.  To establish

7    prejudice in this instance, it is necessary to show a reasonable probability that the end result of the

8    criminal process would have been more favorable by reason of a plea to a lesser charge or a

9    sentence of less prison time.  *Frye*, 132 S.Ct. at 1409.  In cases where trial counsel's defective

10   advice caused the defendant to reject a plea offer and proceed to trial, prejudice is demonstrated

11   where "but for the ineffective advice of counsel there is a reasonable probability that the plea

12   offer would have been presented to the court (i.e., that the defendant would have accepted the

13   plea and the prosecution would not have withdrawn it in light of intervening circumstances), that

14   the court would have accepted its terms, and that the conviction or sentence, or both, under the

15   offer's terms would have been less severe than under the judgment and sentence that is fact were

16   imposed." *Lafler*, 132 S.Ct. at 1385.

17        As noted by the district court in its November 14, 2012 order, none of the cases cited

18   above is precisely on point with the claims Sewell is making in the instant § 2255 motion.  This is

19   because Sewell is not challenging his counsel's performance in plea bargaining, but rather

20   "claims that he was not advised of his rights to plead guilty or nolo contendere absent a plea offer,

21   and that he was prejudiced by the lengthier sentence he received by going to trial."  ECF No. 268

22   at 15.  In other words, "petitioner contends that, absent a plea offer, counsel must also accurately

23   communicate the potential sentencing implications of pleading guilty, not guilty, or nolo

24   contendere."  *Id.*  In its order, the district court noted that "to find ineffective assistance of

25   counsel in this case would require a finding that [Sewell's various counsel] – all experienced

26   criminal defense attorneys – each failed to properly advise Sewell on the plea process."  *Id.*  The

27   court found it was "improbable" that discovery would uncover "such an omission by all three

28   attorneys."  *Id.*  The district court also noted that "the minutes for at least two of Sewell's

9

1    arraignments indicate that he was apprised of the charges against him and his rights by the

2    presiding Magistrate Judge, and on both occasions, proceeded to plead 'not guilty.'" *Id.* at 15-16.

3          Sewell has not cited a case which holds that trial counsel renders ineffective assistance in

4    failing to advise his client of the desirability of pleading guilty even in the absence of a specific

5    offer by the government.  And because Sewell has not described the nature of any guilty plea he

6    would actually have been willing to enter, this court is unable to evaluate Sewell's claim in this

7    regard with any specificity.  Without a description of a specific plea, Sewell is unable to show

8    that the government would have agreed to it, that he would have entered into it, or that the trial

9    judge would have accepted it.  In this regard, and as noted by the district court in its November

10   14, 2012 order, Sewell was present at two arraignments at which he was advised of his

11   constitutional rights by the presiding judge and then proceeded to enter a not-guilty plea.

12   Sewell's self-serving statement that he would have been willing to plead guilty to all of the

13   charges against him without a government plea offer, in the face of this record, does not provide

14   sufficient support for his claims.  *See e.g., Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir.

15   2007) (ineffective assistance of counsel claim denied where, aside from his self-serving

16   statement, which was contrary to other evidence in the record, there was no evidence to support

17   his claim); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (noting that there was no evidence

18   in the record to support petitioner's ineffective assistance of counsel claim, "other than from

19   Dows's self-serving affidavit"); *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991)

20   (defendant's self-serving statement, under oath, that his trial counsel refused to let him testify

21   insufficient, without more, to support his claim of a denial of his right to testify); *Elizey v. United*

22   *States*, 210 F. Supp. 2d 1046, 1051 (C.D. Ill. 2002) (petitioner's claim that his trial counsel failed

23   to advised him to accept a proffered plea agreement not sufficiently supported where only

24   evidence was petitioner's "own self-serving affidavit and record facts contradicted petitioner's

25   affidavit.").[4]

26   _____

27   [4]   Respondent advises the court that one of Sewel's trial counsel received a plea offer
     from the government, but counsel informed the prosecutor that Sewell refused to accept the offer
     and wished to proceed to trial.  ECF No. 271 at 17.  Respondent also informs the court that

28   Sewell made clear to the trial court and to the prosecutor throughout the proceedings that he

                                                    10

1    In short, Sewell has failed to demonstrate that his trial counsel's failure, if any, to advise

2    him of the advisability of pleading guilty was outside "the range of competence demanded of

3    attorneys in criminal cases," *Strickland*, 466 U.S. at 687-88, or that "the outcome of the plea

4    process would have been different with competent advice." *Lafler*, 132 S.Ct. at 1384.

5    Accordingly, he is not entitled to relief on this claim of ineffective assistance of counsel.

6    **C. Failure to Advise Sewell of his Right to Testify**

7    Sewell's next ground for relief is that his trial counsel rendered ineffective assistance in

8    failing to advise him that he had a right to testify at his trial.  Specifically, he claims that

9    "[c]ounsel could have but did not advise Mr. Sewell that he had a constitutional right to testify in

10    the trial process even if counsel advised and believed that such testimony would be inadvisable

11    from counsel's viewpoint."  ECF No. 231 at 21.  Sewell argues that his trial counsel's omission in

12    this regard was the result of "an incomplete investigation of the law relevant to Mr. Sewell's trial

13    process," and that it "deprived him of his substantive right to take the witness stand and testify."

14    *Id.* at 21, 22.  He contends that, absent counsel's failure to do advise him, "there is a reasonable

15    probability that the jury would have found Mr. Sewell not guilty."  *Id.* at 22.

16    Criminal defendants have a constitutional right to testify at trial in their own defense and

17    relinquishment of this right must be knowing and intentional.  *Rock v. Arkansas*, 483 U.S. 44

18    (1987); *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993).  However, as noted in the

19    November 14, 2012 order, trial courts have no duty to advise defendants of their right to testify or

20    to ensure that an on-the-record waiver has occurred.  ECF No. 268 at 10 (citing *United States v.*

21    *Martinez*, 883 F.2d 750 (9th Cir. 1989), *opinion vacated on other grounds* by *United States v.*

22    *Martinez*, 928 F.2d 1470 (9th Cir. 1991)).  Further, the Ninth Circuit has held that a defendant's

23    silence in the face of his attorney's decision not to call him to the witness stand constitutes an

24    effective waiver of his right to testify on his own behalf, even if he later claims his attorney

25    refused to allow him to testify and he was unaware he had a right to testify.  *United States v.*

26    *Edwards*, 897 F.2d 445 (9th Cir. 1990) (defendant waived his right to testify where "[n]either the

27

28    intended to exercise his right to a jury trial.  *Id.*

11

1   prosecution nor the court was given any reason to think the defendant desired to testify"). *See*

2   *also Joelson*, 7 F.3d at 177 ("[W]aiver of the right to testify may be inferred from the defendant's

3   conduct and is presumed from the defendant's failure to testify or notify the court of his desire to

4   do so."); *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993) (although defendant claimed

5   his attorney failed to inform him of his right to testify, he waived that right when he remained

6   silent in the face of his attorney's decision not to call him as a witness).  "In other words, we can

7   infer that a defendant has personally waived his right to testify when defense counsel elects not to

8   call the defendant as a witness, and despite being present, the defendant takes no affirmative

9   action to demonstrate his disagreement with his counsel's decision not to call him as a witness."

10  *United States v. Gillenwater*, 717 F.3d 1070, 1080 (9th Cir. 2013).

11          There is no evidence here that Sewell indicated any desire to testify during the course of

12  his trial proceedings.  By his silence on this issue, he waived his right to testify.  *Nohara*, 3 F.3d

13  at 1244.  This court also notes that in his November 14, 2012 order, the district judge who

14  presided over Sewell's trial stated that "any testimony from defendant would not have resulted in

15  an acquittal."  ECF No. 268 at 11 n.4.  Accordingly, Sewell has also failed to demonstrate

16  prejudice from his trial attorney's failure, if any, to advise him that he had a right to testify.  For

17  these reasons, Sewell is not entitled to relief on this claim of ineffective assistance of trial

18  counsel.

19          **D.  Failure to Advise Sewell of his Right to a Bench Trial**

20          Sewell's third ground for relief is that he was "prejudiced by the objectively unreasonable

21  performance of counsel during the plea, trial, and sentencing process when counsel failed to

22  advise him to proceed to a bench trial on stipulated facts."  ECF No. 277 at 10.  In related

23  allegations that are part of the same claim, Sewell claims that his counsel: (1) failed to "fully

24  advise" him about the requirements for obtaining a reduction in his sentence for "acceptance of

25  responsibility;" (2) failed to advise him that "if he proceeded to trial he had only about 1 chance

26  in 8, and probably substantially less chance than that, of walking out of court free;" (3) failed to

27  advise him "that he could obtain District Court and appellate review of the the [sic] sufficiency of

28  the evidence, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for

1   acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving

2   his legal issue for appellate review;" and (4) failed to advise him that "if he proceeded to a bench

3   trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he

4   would still be able to challenge his 'Base Offense Level', his 'Total Offense Level', his relevant

5   conduct, his criminal history, the facts allegedly supporting the foregoing as well as other

6   sentencing factors such as whether he was entitled to a downward departure or downward

7   variance or adjustments for mitigating factors."  ECF No. 231 at 27-28.  Sewell contends that his

8   counsels' failure to so advise him was based on "an incomplete investigation of the law."  *Id.* at

9   28.  He states that he was "not even aware that he had any other option but to either proceed to

10   jury trial or plead guilty."  *Id.*  As a result, he was not able to make "a voluntary and intelligent

11   choice among the alternative courses of action open to him."  *Id.*

12       Sewell also contends that he was prejudiced by his counsels' deficient performance

13   because "a stipulation could have been negotiated with the government whereby Mr. Sewell

14   would have agreed that the testimony and evidence would be as actually presented to the jury at

15   the actual trial," and "Mr. Sewell would have moved for a bench trial on stipulated facts and

16   would have proceeded to a bench trial on stipulated facts instead of a jury trial on contested

17   facts."  *Id.* at 29-30.  In addition, he contends that had he proceeded with a bench trial on

18   stipulated facts, he would have received a lesser sentence.  *Id.* at 30.

19       As noted by the district judge in the November 14, 2012 order, Fed. R. Crim. P. 23(a)

20   requires both the government's consent and the trial court's approval for a bench trial in a

21   criminal matter.  ECF No. 268 at 17.  In its answer, respondent states that the government "would

22   not have waived jury trial and consented to a bench trial in this case."  ECF No. 271 at 18.

23   Further, the district court notes that Sewell "can only speculate as to whether the court would

24   have approved such an arrangement."  ECF No. 268 at 17.  Given these statements, Sewell cannot

25   demonstrate prejudice with respect to this claim.  Even if his counsel had advised him about the

26   possibility of proceeding with a bench trial on stipulated facts, a bench trial was not a viable

27   option for him because the government would have refused to consent.  Movant's speculation that

28   the trial judge would have agreed to proceed with a bench trial, or would have reduced his

sentence for acceptance of responsibility or for any other reason, is also insufficient to establish prejudice.  Finally, petitioner has failed to cite any authority for the proposition that trial counsel acts outside the wide range of reasonable professional assistance in failing to apprise his client of the possibility of proceeding with a bench trial rather than a jury trial.  Because Sewell has failed to demonstrate either deficient performance or prejudice with respect to this claim of ineffective assistance of counsel, he is not entitled to relief on this claim.

**E.  Other Miscellaneous Failures by Counsel**

Sewell raises several other claims in his § 2255 motion, as follows:

1.  "Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. Sewell and counsel could have but did not timely move for dismissal of the indictment."  ECF No. 231 at 6.

2.  "Counsel unprofessionally failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence by the prosecution."  ECF No. 231 at 7.

3.  "Counsel unprofessionally failed to timely request appropriate jury instructions and to timely object to insufficient instructions.  In final argument, counsel unprofessionally also failed to timely object to improper argument by the prosecution and/or to timely ask for curative instructions for the improper argument."  ECF No. 231 at 9.

4.  "Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Sewell.  Counsel also unprofessionally failed to object to unlawful, false and unreliable evidence used to determine Mr. Sewell's guideline sentencing range and ultimate sentence."  ECF No. 231 at 10.

5.  "Mr. Sewell was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Sewell's case."  ECF No. 231 at 10.

/////

/////

6. "Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Sewell for his direct appeal and failed to preserve viable issues for collateral review." ECF No. 231 at 11.

7. "Mr. Sewell was denied his Sixth Amendment constitutional right to counsel unburdened by an actual conflict of interest." ECF No. 231 at 12.

8. "Mr. Sewell's conviction and sentence are violative of his right to freedom of speech and to petition, his right to be free of unreasonable search and seizure, his right to due process of law, his rights to counsel, to jury trial, to confrontation of witnesses, to present a defense, and to compulsory process, and his right to be free of cruel and unusual punishment under the Constitution." ECF No. 231 at 14.

9. "Based on 18 U.S.C. Appendix C, Amendment 706, and the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, a reduction in Mr. Sewell's sentence is consistent with applicable policy statements issued by the Sentencing Commission." ECF No. 231 at 15.

Sewell has failed to substantiate any of these claims with facts, examples, or citations to the record. They are unduly vague and conclusory and must be denied on that basis alone. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague and conclusory allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("[w]e also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim); *Neighbors v. United States*, 457 F.2d 795 (9th Cir. 1972) (§ 2255 motion was properly denied where allegations regarding denial of effective assistance of counsel were entirely conclusory and without support in the record).

In any event, Sewell has failed to show that the overall performance of his trial or appellate counsel was deficient or prejudicial. In this regard, in his November 14, 2012 order, the district judge who presided over this case noted that Sewell's trial counsel "provided [Sewell] with a first rate trial." ECF No. 268 at 19. Further, Sewell's pre-trial attorney filed a motion to suppress evidence which was successful and succeeded in suppressing significant evidence from

15

1    Sewell's trial.  *See* ECF Nos. 8, 21.  There is no evidence that any of Sewell's counsel operated

2    under a conflict of interest, that Sewell was entitled to a lower sentence than the sentence he

3    received, or that his appellate counsel failed to raise any meritorious claims.  Accordingly, all of

4    these claims must be denied.[5]

5            **F.  Cumulative Effect of Errors**

6            In his final claim, Sewell argues that the combination of errors by all of his counsel

7    violated his right to due process.  ECF No. 231 at 13.

8            The cumulative error doctrine in habeas recognizes that, "even if no single error were

9    prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless

10   be so prejudicial as to require reversal.'" *Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002)

11   (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)).  However, where there is no

12   single constitutional error existing, nothing can accumulate to the level of a constitutional

13   violation.  *See Fairbank v. Ayers*, 650 F.3d 1243, 1257 (9th Cir. 2011), *cert. denied*, __ U.S. __,

14   132 S.Ct. 1757 (2012) ("[B]ecause we hold that none of Fairbank's claims rise to the level of

15   constitutional error, 'there is nothing to accumulate to a level of a constitutional violation.'")

16   (citation omitted); *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir.2011) ("Because we conclude that

17   no error of constitutional magnitude occurred, no cumulative prejudice is possible.").  "The

18   fundamental question in determining whether the combined effect of trial errors violated a

19   defendant's due process rights is whether the errors rendered the criminal defense 'far less

20   persuasive,' *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973), and thereby had a 'substantial

21   and injurious effect or influence' on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 927 (9th

22   Cir. 2007) (quoting *Brecht*, 507 U.S. at 637).

23

24            [5]   In his § 2255 motion, Sewell sought to substantiate his claims through discovery,
      including the depositions of his various lawyers.  As explained above, the district court denied
25    discovery in this case on its own motion on the basis that Sewell's claims were too general and
      conclusory to justify discovery and that Sewell's allegations were not supported by facts in the
26    record.  In addition, this court notes that it appears Sewell wishes to engage in discovery in order
      to question his counsel about every aspect of the trial proceedings.  However, "habeas petitioners
27    may not 'use federal discovery for fishing expeditions to investigate mere speculation." *Calderon*
      *v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citation omitted).
28

1    This court has addressed Sewell's claims of error and has concluded that no error of

2    constitutional magnitude occurred.  There is also no evidence that an accumulation of errors

3    rendered Sewell's trial fundamentally unfair.  Accordingly, Sewell is not entitled to relief on his

4    claim that cumulative error violated his right to due process.

5    **IV. Conclusion**

6    For the foregoing reasons, IT IS HEREBY RECOMMENDED that movant's motion to

7    vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Such a document should be captioned

12   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13   shall be served and filed within fourteen days after service of the objections.  Failure to file

14   objections within the specified time may waive the right to appeal the District Court's order.

15   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

16   1991).  In his objections movant may address whether a certificate of appealability should issue in

17   the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

18   2255 Cases (the district court must issue or deny a certificate of appealability when it enters a

19   final order adverse to the applicant).

20   DATED:  May 5, 2015.

21                                    EDMUND F. BRENNAN

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

17